UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THE VAUGHAN COMPANY, REALTORS,   Case No. 10-10759-ja11
                                 Chapter 11
    Debtor.

## MOTION TO APPROVE SETTLEMENT OF AMOUNTS REMAINING DUE UNDER SETTLEMENT WITH LUANN SHYDOHUB

Judith A. Wagner, the Chapter 11 Trustee, Chapter 11 Trustee of The VCR Bankruptcy Estate (the "**Trustee**"), by counsel, pursuant to Fed. R. Bankr. P. 9019, moves the Court to approve the settlement of the $6,150.00 remaining due from Luann Shydohub ("**Shydohub**") pursuant to her settlement with the Trustee previously approved by this Court, and in support hereof, states:

1. Commencement of Case and Appointment of Trustee. On February 22, 2010 (the "**Petition Date**"), the debtor the Vaughan Company, Realtors ("**VCR**" or the "**Debtor**") commenced the above-captioned case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"). On April 29, 2010, Trustee was appointed Chapter 11 Trustee in this case, and continues to serve in that capacity.

2. Jurisdiction and Venue. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Adversary Proceeding and the Judgment. On April 4, 2014, and in the Adversary Proceeding, this Court entered a *Money Judgment in Favor of Plaintiff on Counts 3 and 5 of Plaintiff's Complaint* (Doc. No. 52), thereby awarding the Trustee a money judgment in the amount of $20,459.73 against Shydohub attributable to the Trustee's fraudulent transfer claims (the "**Judgment**").

4. The Prior Settlement. On March 1, 2016, the Court entered its *Order Granting Motion to Approve Settlement of Judgement Against Luann Shydohub in Adv. No. 12-1028-J* (Doc.

No. 2716) (the "**Prior Settlement Order**"). entered By the Prior Settlement Order, the Court approved a settlement agreement between Shydohub and the Trustee whereby Shydohub agreed to pay the Trustee $7,500.00 (the "**Prior Settlement Amount**") in full satisfaction and settlement of all claims the Trustee asserted or could have asserted against Shydohub, including her right to collect the Judgment from Shydohub. The Prior Settlement Amount was to be paid in thirty-three (33) monthly installments of $225.00, and one final payment of $75.00. The outstanding balance of the Settlement Amount did not accrue interest.

5.   The New Settlement.   On or about September 26, 2016, Trustee and Shydohub reached a new settlement (the "**New Settlement**") pursuant to which Shydohub agrees to pay the Trustee $5,500.00 (the "**New Settlement Amount**") in full satisfaction and settlement of all claims the Trustee asserted or could have asserted against Shydohub, including her right to collect the remaining balance of the Prior Settlement Amount, $6,150.00, from Shydohub. The New Settlement Amount will be paid in one lump sum within fourteen (14) days of court approval of the settlement. In essence, Shydohub will receive a discount of $650.00 off of the Prior Settlement Amount in exchange for paying the entire remaining amount in one lump sum. Like the Prior Settlement, in the event of an uncured default under the New Settlement, the Trustee will have the right to collect the entire Judgment amount, less any payments made by Shydohub. The parties will execute a new mutual settlement and release agreement, which will become effective upon entry of the Order approving the new settlement.

5.   The Settlement is fair and equitable, and is in the best interests of and beneficial to the Debtor's estate and the creditors.   The Trustee has analyzed the estate's claim against Shydohub and believes the settlement to be fair and in the best interest of the estate. Trustee is recovering a significant portion of the Prior Settlement Amount in a lump sum without expending further attorneys' fees, costs, and expenses following up on payments. Receiving this money in a lump sum reduces administrative expenses of the estate and fully liquidates the asset, a helpful step in winding

up this bankruptcy case. The Trustee believes the other terms of the New Settlement are fair and equitable under the circumstances, and eliminate the uncertainty, costs, and risks that would be incurred in pursuing additional amounts from Shydohub. Due to Shydohub's limited assets and the costs of collection, the Trustee believes that the proposed New Settlement is in the best interests of this bankruptcy estate and its creditors.

WHEREFORE, the Trustee requests that the Court enter an order approving the New Settlement and for all other just and proper relief.

Respectfully submitted,

ASKEW & MAZEL, LLC

By: *s/ Filed electronically*
 Edward A. Mazel
 James A. Askew
 Daniel A. White
 320 Gold Ave., SW, Suite 300A
 Albuquerque, New Mexico 87102
 (505) 433.3097 (phone)
 (505) 717.1494 (fax)
 edmazel@askewmazelfirm.com
 jaskew@askewmazelfirm.com
 dwhite@askewmazelfirm.com
*Attorneys for Judith A. Wagner, Chapter 11 trustee of The Vaughan Company Realtors bankruptcy estate*

This certifies tha**t on October 17, 2016** a copy of
the foregoing pleading was served by the Bankruptcy
Court's electronic filing system on all parties who
have entered an appearance in this case.

*s/ Filed electronically*
Daniel A. White